

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0159-24** |
| | GPD Report No. 24-05369 |
| v. | |
| **ALLAN JUNIOR CEPEDA,**<br>DOB: 01/31/1991 | **DECISION AND ORDER**<br>**DENYING IN-PART,**<br>**& GRANTING IN-PART** |
| Defendant. | **DEFENDANT'S MOTION IN LIMINE** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 7, 2024 for hearing on Allan Junior Cepeda's ("Defendant's") Motion in Limine ("Motion"). Assistant Attorney General Leta Womack represents the People, and Attorney Juhyeong Park represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES IN-PART AND GRANTS IN-PART** the Defendant's Motion.

## BACKGROUND

Defendant is charged with Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony) following a traffic stop on March 7, 2024. See Indictment (Mar. 15, 2024).

The stop was initiated by Guam Police Department ("GPD") Officer Martin Oliva, who noticed Defendant driving a vehicle with expired registration. See Court Recording at 1:57:20pm-1:58:00pm (Jun. 7, 2024). During the traffic stop, Defendant informed Officer Oliva that he was on probation. Id. at 2:01:00pm. Officer Oliva subsequently conducted a pat-down of Defendant and allegedly found a glass pipe coated with methamphetamine residue inside Defendant's pocket. Id. at 2:04:40pm-2:07:00pm.

Three passengers were inside Defendant's vehicle; Elizabeth Denison ("Denison"), Ruth Matagolai ("Matagolai"), and Shawn Camacho ("Camacho"). During the stop, Matagolai consented

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page 1 of 9

to a search of the vehicle after informing Officer Oliva that her daughter was renting the vehicle. Id. at 2:02:00pm-2:02:40pm. Although a full search of the vehicle yielded no new evidence, several small resealable bags were confiscated having been visibly located at Defendant's feet. Id. at 1:59:00pm. Both Defendant and Denison (whom GPD also found carrying a methamphetamine pipe) were arrested.

On May 7, 2024, Defendant filed his Motion in Limine, seeking to exclude several pieces of evidence from presentation during trial. Specifically, Defendant seeks to exclude Denison, Matagolai, & Camacho from testifying, claiming their testimony is irrelevant. See Motion at 2-4 (May 7, 2024). Defendant also seeks to exclude the following evidence as hearsay: the GPD Report, Denison's statements contained within the GPD Report, and Defendant's Records of Arrest and Prosecution ("RAP sheet"). Id. at 4-7. Lastly, Defendant seeks to exclude field drug tests conducted on his alleged methamphetamine pipe, claiming expert witness testimony is required for its admission. Id. at 7-8.

On May 21, 2024, the People filed their Opposition to Motion ("Opposition"). The People claim Denison, Matagolai, and Camacho should all be permitted to testify because their testimony is relevant and carries probative value. See Opposition at 3-4 (May 21, 2024). The People also claim Defendant's efforts to exclude the GPD Report, Denison's statements contained within the GPD Report, and Defendant's RAP sheet are premature. Id. at 4-6. Lastly, the People claim expert witness testimony is not required to admit the field drug tests. Id. at 6-8.

On May 28, 2024, Defendant filed his Reply to Opposition ("Reply"). Defendant rehashed his argument that Denison, Matagolai, and Camacho should be excluded from testifying on relevance grounds. See Reply at 1-3 (May 28, 2024). Defendant also reiterated his claims that the GPD Report, statements contained within the GPD Report, and Defendant's RAP sheet are inadmissible hearsay. Id. at 3-5. Lastly, Defendant claims expert witness testimony is required for the admission of field drug test results. Id. at 6-8.

The Court held a hearing on June 7, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page 2 of 9

**I. Denison's, Matagolai's, & Camacho's testimony may be relevant, and Defendant's efforts to exclude their testimony under Rule 403's balancing test are premature.**

Defendant first seeks to prevent the three passengers in his car during the traffic stop (Denison, Matagolai, & Camacho) from testifying. Id. at 2-4. Defendant claims any potential testimony these witnesses might give is irrelevant, claiming none of them have any personal knowledge regarding his alleged drug possession. Id. at 3-4. Therefore, Defendant believes their testimony will unfairly prejudice him by means of wasting time, misleading the jury, and confusion of the issues. Id. at 3-4.

Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See 6 G.C.A. § 401. "All relevant evidence is admissible" unless otherwise excluded, and "evidence which is not relevant is not admissible." See 6 G.C.A. § 402. Rule 403 offers one way to exclude relevant evidence, allowing for the exclusion of relevant evidence "if its probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See 6 G.C.A. § 403 (emphasis added). Rule 403's balancing test favors inclusion of relevant evidence, permitting exclusion only in the limited scenarios where probative value is *"substantially outweighed"* by the danger of unfair prejudice. Id.

Here, it is not yet clear what probative value or unfair prejudice (if any) this testimony might elicit. Because the witnesses haven't had the chance to testify yet, Defendant is just speculating when he calls their testimony irrelevant. It's entirely possible the witnesses could provide relevant testimony regarding Defendant's alleged drug possession, because they were supposedly in the Defendant's car while he had methamphetamine paraphernalia in his pocket and around the car floor. See Court Recording at 1:59:00pm, 2:04:40pm-2:07:00pm (Jun. 7, 2024). Defendant has failed to show that this testimony will produce minimal probative value or greatly unfair prejudice. Therefore, it is improper and premature to exclude such testimony under Rule 403's balancing test.

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page 3 of 9

## II. The GPD Report is inadmissible hearsay if offered into evidence by the People.

Defendant also seeks to exclude the GPD Report from evidence, claiming it is inadmissible hearsay. See Motion at 5-6 (May 7, 2024).

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." See 6 G.C.A. § 801(c). "Hearsay is not admissible except as provided by the laws of Guam." See 6 G.C.A. § 802. Rules 803 and 804 lay out the limited situations where hearsay statements are admissible because the circumstances surrounding such statements bolster the statement's reliability. The relevant exceptions of note are:

- The Business Record exception, which allows for the introduction of a "report... made at or near the time by... a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the ... report". See 6 G.C.A. § 803(6).

- The Public Record exception, which allows for the introduction of a "report... setting forth... matters observed pursuant to a duty imposed by law as to which matters there was a duty to report, *excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel*". See 6 G.C.A. § 803(8) (emphasis added).

Here, the GPD Report is a hearsay statement. The Public Record exception does not apply because police reports are specifically excluded from that exception. Id. The Business Record exception also does not cover this statement, because police reports are ordinarily based on descriptions from witnesses to the incident rather than informants with a business duty to report. See *MacLean v. City & Cnty. of San Francisco*, 151 Cal.App.2d 133, 142-143 (1957). Therefore, the People may not introduce the GPD Report into evidence. The People acknowledged this result, and do not plan on seeking the GPD Report's admission. See Opposition at 5 (May 21, 2024).

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page 4 of 9

However, the People can still make other permissible use of the GPD Report. For example, the GPD Report may be used "to refresh memory for the purpose of testifying, either... while testifying, or ... before testifying." See 6 G.C.A. § 612. If a testifying witness's memory is not refreshed, even after viewing the GPD Report, the witness may then "read into evidence" the GPD Report if it was "made or adopted by the witness when the matter was fresh in the witness' memory". See 6 G.C.A. § 803(5). It is premature to deny the People such uses of the GPD Report, even though the Report itself is otherwise inadmissible hearsay.

**III. Denison's statements are hearsay if offered to prove the truth of the matter contained within, but may still be admissible under the "Statement Against Interest" exception. The statements may also be admissible for purposes beyond proving their truth.**

Defendant also seeks to exclude Denison's statements in the GPD Report as hearsay. See Motion at 4-5 (May 7, 2024). As mentioned above, Denison was one of the passengers inside Defendant's vehicle and she too was arrested after police found a methamphetamine pipe in her possession. Following her arrest, Denison allegedly told GPD officers "I know it would test positive, I smoked meth a week ago." Defendant now seeks to suppress those statements, arguing they are inadmissible hearsay. Id. at 4-5.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." See 6 G.C.A. § 801(c). "Hearsay is not admissible except as provided by the laws of Guam." See 6 G.C.A. § 802.

The only applicable hearsay exception here is Rule 804's "Statement Against Interest" exception. See 6 G.C.A. § 804(b)(3). However, that exception requires that the declarant be unavailable as a witness, and nothing suggests that Denison is unavailable. Id. If the People offer Denison's statements to prove their truth (that Denison had smoked meth a week ago), they would have to pursue Rule 804(b)(3) when doing so. Any ruling on whether the People have properly invoked the "Statement Against Interest" exception is best made on a future date, should the People decide to pursue that route.

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page 5 of 9

The statements may also be admissible for purposes beyond proving their truth. Hearsay only excludes statements "offered in evidence to prove the truth of the matter asserted." See 6 G.C.A. § 801(c). The People may still offer Denison's statements into evidence for reasons beyond proving that Denison had recently smoked meth (*i.e.*, to prove that Denison was awake and alert), provided that the evidence is not otherwise excluded by Rule 403's balancing test.

**IV. Defendant's RAP sheet is inadmissible hearsay, and may not be used to prove the existence of Defendant's previous arrests, convictions, or sentences imposed upon.**

Defendant also seeks to exclude his RAP sheet as hearsay, offered as the People's Exhibit One. See Motion at 6-7 (May 7, 2024); People's Submission of Exhibit List (Apr. 19, 2024).

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." See 6 G.C.A. § 801(c). "Hearsay is not admissible except as provided by the laws of Guam." See 6 G.C.A. § 802. Here, the relevant hearsay exceptions are:

- The Public Record exception, which allows for the introduction of a "report… setting forth… matters observed pursuant to a duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel". See 6 G.C.A. § 803(8).

- The Judgment of Previous Conviction exception, which allows for the introduction of "a final judgment, entered after a trial or upon a plea of guilty… alleging a person guilty of a crime punishable by death or imprisonment in excess of one year." See 6 G.C.A. § 803(22).

Here, the RAP sheet contains several hearsay statements. These statements list out days in which Defendant was arrested, times Defendant was criminally convicted, sentences imposed on Defendant, and various other accusations of Defendant's wrongdoing. See Motion, Exhibit A (May 7, 2024).

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page 6 of 9

The Public Record exception does not cover RAP sheets. See *U.S. v. Perlmuter*, 693 F.2d 1290, 1293-1294 (10th Cir. 1979). This is because multiple hearsay statements are often contained within RAP sheets, each requiring individual exceptions to the hearsay rule. Id. at 1293. Furthermore, when RAP sheets cover long periods (such as this sheet which covers eight years), it becomes apparent that the person preparing the RAP sheet did not observe or possess first-hand knowledge of each arrest, conviction, and sentence laid out. Id. at 1294. Therefore, the RAP sheets are not admissible under the Public Record exception to the hearsay rule.

The People should instead pursue the Judgment of Previous Conviction exception if they wish to prove underlying facts contained within a judgment. See 6 G.C.A. § 803(22). By attempting to introduce Defendant's previous convictions through a RAP sheet, the People are trying to avoid Rule 803(22)'s requirement that convictions be shown by a court-issued final judgment. See *U.S. v. Perlmuter*, 693 F.2d 1290, 1294 (10th Cir. 1979). If the People do properly invoke Rule 803(22), evidence of Defendant's previous convictions may not be used as propensity evidence, but may be used for other purposes, such as proof of motive, knowledge, or absence of mistake. See 6 G.C.A. § 404(b).

V. **Field drug tests conducted on Defendant's alleged methamphetamine pipe are admissible, even without expert testimony.**

Defendant also seeks to exclude field drug tests that GPD officers conducted on his alleged methamphetamine pipe. See Motion at 7-8 (May 7, 2024). Defendant argues such evidence is not admissible absent expert witness testimony concerning the reliability and basis of the tests. Id. at 7-8. The People do not plan on calling a dedicated chemical analysis expert, and instead seek to introduce the test results through the administering officer. See Opposition at 5-8 (May 21, 2024); People's Witness List (May 1, 2024).

If a "witness is not testifying as an expert", they may not give "opinions or inferences... based on scientific, technical, or other specialized knowledge". See 6 G.C.A. § 701. However, witnesses qualified as an expert may give such opinions or inferences "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page 7 of 9

determine a fact in issue". See 6 G.C.A. § 702. Such expert testimony must be "based upon sufficient facts or data" and be "the product of reliable principles and methods... applied... reliably to the facts of the case." Id. "When determining whether an expert's methodology is reliable, a court should consider factors such as 'testing, peer review, error rates, and 'acceptability' in the relevant scientific community." See *People v. Mateo* 2017 Guam 22 ¶ 30 (citing *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. at 593-94 (1993)).

Although there is split authority, several courts have held that presumptive field tests are admissible despite the absence of "expert testimony regarding the underlying chemical reaction or science upon which the test is based". See *People v. Mateo* 2017 Guam 22 ¶ 31 (citing *Fortune v. State*, 696 S.E.2d 120, 123-24 (Ga. Ct. App. 2010); *Commonwealth v. Fernandez*, 934 N.E.2d 810, 820-21 (Mass. 2010)). These courts reasoned that "such tests are not novel" and do not require the assistance of expert witness testimony. See *People v. Mateo* 2017 Guam 22 ¶ 31.

Aware of this split of authority, the Guam Supreme Court never expressly required expert testimony for the admission of field test results. Id. at ¶ 31. Therefore, it is reasonable to assume field test results are admissible even without expert testimony.

## CONCLUSION

For the reasons stated above, the Court **DENIES IN-PART AND GRANTS IN-PART** Defendant's Motion. The Court's findings are as follows:

- Efforts to suppress Denison's, Matagolai's, & Camacho's testimony are premature because such testimony may be relevant and carry significant probative value.
- The GPD Report is hearsay, but the People may still utilize it to refresh a witness's memory or under the Past Recollection Recorded hearsay exception.
- Denison's statements are hearsay if offered to prove the truth of the matter contained within, but may still be admissible under the "Statement Against Interest" exception. The statements may also be admissible for purposes beyond proving their truth.
- Defendant's RAP sheet is inadmissible hearsay, and may not be used to prove the existence of Defendant's previous arrests, convictions, or sentences imposed upon.

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page 8 of 9

- Field drug tests conducted on Defendant's alleged methamphetamine pipe are admissible, even without expert testimony.

**IT IS SO ORDERED** this ___August 28, 2024___.

---

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Atty. J. Park
8/28/24    11:53am
Date        Time
Antonio C. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Denying In-Part, & Granting In-Part Defendant's Motion in Limine
CF0159-24, *People of Guam v. Allan Junior Cepeda*
Page **9** of **9**